IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

CYNTHIA V. WASHINGTON, )
)
       Plaintiff, )
)
vs. )
)
CORPORATION OF THE PRESIDING )
BISHOP OF THE CHURCH OF JESUS )
CHRIST OF LATTER-DAY-SAINTS, )
JOHN DOES I THROUGH X, )
DOE CORPORATIONS I through X, )
and COURTNEY WILLDEN, )
)
       Defendants. )
_____) Case No. 3AN-20-5897CI

## COMPLAINT

COMES NOW the Plaintiff, CYNTHIA V. WASHINGTON, by and through her attorneys, Schlehofer Law Offices, P.C., and states as follows:

1. Plaintiff Cynthia V. Washington is and was at the time of the collision on August 16, 2018, a resident of the State of Alaska, residing in the Third Judicial District.

2. Plaintiff has sustained economic losses (medical treatment costs, lost wages, etc.) in excess of $150,000 as a result of the motor vehicle collision of August 16, 2018.

3. Upon information and belief, Defendant Courtney Willden was at the time of the collision on August 16, 2018,

2017 a resident of the State of Alaska, residing in the Third Judicial District.

4. At all times relevant hereto, Defendant Corporation of the Presiding Bishop of the Church OF JESUS CHRIST OF LATTER-DAY-SAINTS (hereinafter "Defendant Latter-Day-Saints"), was and is a Utah corporation, conducting business in Alaska. Defendant Latter-Day-Saints is a non-profit business entity authorized to do business and other church/religious/non-profit functions in Alaska and be sued in its name under the laws of the State of Alaska.

5. That the true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants named herein as John Does I through X and Doe Corporations I through X, inclusive (hereinafter collectively referred to as "Defendant Latter-Day-Saints" or "Defendants"), are unknown to Plaintiff at this time and Plaintiff, therefore, sues said Defendants by such fictitious names. Plaintiff is informed and believes and, therefore, alleges that each of the Defendants designated herein as John Doe or Doe Corporation, are responsible in some manner for the events and happenings referred to and caused damages proximately to Plaintiff as hereinafter alleged, and Plaintiff will ask leave of this Court to amend her Complaint to insert the true names and capacities of said John Does and/or Doe Corporations, when

the same becomes ascertained, and join said Defendants in this action.

6. Defendant Latter-Day-Saints was also, at all time pertinent hereto, the owner of the vehicle Defendant Willden was operating, as well as the employer and/or principle of Defendant driver Willden (its authorized agent/employee). Defendant Willden was the permissive user of the subject vehicle involved in the collision, and was an employee, agent, and/or missionary or other volunteer agent of Defendant Latter-Day-Saints. To the extent Defendant Latter-Day-Saints was not the principle/employer of Defendant Willden, a claim is made against her actual employer/principle at the time, John Does I through X and/or Doe Corporations I through X.

7. Upon information and belief, Defendant Willden (whose residence in Alaska was only temporary), was in Alaska doing her 18-month missionary stint as a member of the Defendant Latter-Day Saints, commonly known as the Mormon Church. Defendant Willden was at the time of the collision, and continues to be, a member of the religious organization of Defendant Latter-Day-Saints.

8. That at all times mentioned herein, Defendant Willden was an employee, agent, and/or missionary of Defendant Latter-Day-Saints, and that all acts or omissions mentioned herein which were performed by Defendant Willden were

Schlehofer Law Offices, P.C.
2900 Boniface Parkway, Suite 200
Anchorage, Alaska 99504
Tel (907) 344-3434   Fax (907) 349-1687
frankj@schlawoffice.com
davidm@schlawoffice.com

performed within the course and scope of her employment/ agency/missionary/volunteer work with said Defendants.

9. On August 16, 2018, shortly before 5:00 p.m., Plaintiff (seatbelted) was driving a 2001 blue Dodge Durango westbound on Northern Lights Blvd., in the inside lane, near the intersection with Augustine Dr. At this intersection, Augustine Dr. has a stop sign (and thus drivers must yield to traffic on Northern Lights Blvd.).

10. At the same time, Defendant Willden while operating Defendant Latter-Day-Saints' 2017 Toyota passenger van, as part of her missionary activities and/or other volunteer activities, and doing such work on behalf and for the benefit of Defendant Latter-Day-Saints, was southbound on Augustine Dr. and had allegedly stopped at the stop sign. Defendant Willden failed to yield and/or stop, and negligently pulled out to turn left (eastbound) onto Northern Lights Blvd. causing a collision in the roadway.

11. Defendant Willden negligently failed to stop and yield the right of way to Plaintiff, failed to look, failed to verify there was no on-coming traffic and/or negligently assumed the lack of on-coming traffic, causing the collision.

12. Defendant Willden was cited by Anchorage Police for failure to exercise due care to avoid a collision.

13. Both vehicles suffered disabling damage due to the collision forces and had to be towed from the scene.

14. Plaintiff's vehicle was later declared a total loss due to the damage sustained in this collision.

15. Defendant Willden had a duty to act as a reasonable and prudent driver under all the circumstances, to pay attention, to keep a proper lookout, to stop and yield the right of way, and to avoid colliding with other vehicles before pulling out into traffic. Defendant Willden breached her duty of care through her actions and inactions, which include but are not limited to, operating the vehicle in a negligent manner given the circumstances, failing to keep a proper look out, failing to remain attentive while driving, and failing to verify there was no on-coming traffic and/or negligently assuming the lack of on-coming traffic, causing the collision.

16. Defendant Willden's driving violated Anchorage Municipal Code 9.18.050B (right of way upon entering intersection controlled by stop sign) and such violation constitutes negligence *per se* on in the alternative, evidence of negligence.

17. Upon information and belief, at the time that Defendant Willden negligently caused the subject collision, she was doing missionary work and/or other volunteer

Schlehofer Law Offices, P.C.
2900 Boniface Parkway, Suite 200
Anchorage, Alaska 99504
Tel (907) 344-3434   Fax (907) 349-1687
frankj@schlawoffice.com
davidm@schlawoffice.com

activities for the benefit of and on behalf of Defendant Latter-Day-Saints, and as such she was acting within the course and scope of her employment and/or agency for Defendant Latter-Day-Saints, and/or furthering or benefiting such entity(ies). Defendant Latter-Day-Saints benefits from and encourages the growth of missionary work and/or volunteer activities of members like Defendant Willden, since it knows such activities increases membership to its religious organization.

18. Defendant Latter-Day-Saints herein is vicariously and individually liable to Plaintiff based upon agency law, respondent superior, and other theories that may become known during the course of discovery and thus a claim is made against it for the conduct of Defendant Willden who was acting within the course and scope of her employment and/or agency volunteer activities for it, which activities benefited its religious organization.

19. Defendant Willden's negligence alleged above, and other factors to be discovered, was a proximate cause of Plaintiff's injuries.

20. As a direct and proximate result of the Defendant Willden's negligence, for which Defendant Latter-Day-Saints is vicariously responsible for, and any other negligence or violations of applicable ordinances, codes or statutes which

Schlehofer Law Offices, P.C.
2903 Boniface Parkway, Suite 200
Anchorage, Alaska 99504
Tel (907) 344-3434   Fax (907) 349-1687
frankj@schlawoffice.com
davidm@schlawoffice.com

may be brought out at trial, Plaintiff has sustained damages which have resulted or may result in:

a) Past and future pain and suffering;

b) Past and future mental anguish;

c) Past and future medical expenses;

d) Past and future disfigurement and physical impairment;

e) Past and future lost wages and/or income;

f) Past and future inconvenience;

g) Lost time;

h) Impairment of earning capacity;

i) Loss of enjoyment of life and diminished ability to enjoy other physical pursuits; and

j) Past and future non-economic losses.

WHEREFORE, Plaintiff prays for judgment against Defendants jointly and severally, as follows:

1. Compensatory damages, the exact amount to be more specifically determined at trial;

2. Medical and incidental expenses;

3. Damages for pain and suffering and other damage items mentioned above;

4. Costs of suit;

5. Attorney's fees;

6. Pre-judgment interest; and

Schlehofer Law Offices, P.C.
2900 Boniface Parkway, Suite 200
Anchorage, Alaska 99504
Tel (907) 344-3434   Fax (907) 349-1687
frankj@schlawoffice.com
davidm@schlawoffice.com

7. Such other and further relief as the court deems just and proper.

DATED in Anchorage, Alaska this 9th day of April, 2020.

SCHLEHOFER LAW OFFICES, P.C.
Attorneys for Plaintiff

By: _____
David W. Murrills
Alaska Bar No. 9306034

Schlehofer Law Offices, P.C.
2900 Boniface Parkway, Suite 200
Anchorage, Alaska 99504
Tel (907) 344-3434   Fax (907) 349-1687
frankj@schlawoffice.com
davidm@schlawoffice.com